IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JUAN ADOLFO ARREDONDO,

Defendant.

**4:17CR3087**

**FINDINGS, RECOMMENDATIONS AND ORDER**

Defendant Juan Adolfo Arredondo ("Defendant") has moved to suppress all evidence and statements obtained following a vehicle stop conducted on January 16, 2017, claiming the stop and resulting detention violated his Fourth Amendment rights. (Filing No. 27). For the following reasons, Defendant's motion should be denied.

STATEMENT OF FACTS

After hearing testimony and reviewing the evidence, the undersigned magistrate judge finds the following facts are credible.

On January 16, 2017, Buffalo County sheriff's dispatch advised Sergeant Daniel Schleusener ("Schleusener") of a reported criminal trespass. The caller reporting the incident identified himself to dispatch as Richard Thomas ("Thomas") and asked to speak with the sergeant directly. Schleusener was acquainted with Thomas and knew him to be the owner of Ace Irrigation at 4740 East 39th Street in Kearney, Nebraska. Dispatch transferred the call, and Schleusener spoke with Thomas on his cellphone.

Thomas informed Schleusener that a black Dodge Durango with Nebraska license plate 14AY33 had trespassed onto the Ace Irrigation property a few minutes prior to his call. Thomas indicated that the same vehicle had trespassed onto his business property on January 12, 2017, and that he had reported that incident to the Buffalo County sheriff as well. He told Schleusener the vehicle had entered an area on both occasions marked with "No Trespassing" signs.

Using his police vehicle's laptop computer, Schleusener then confirmed that Thomas had reported the alleged January 12, 2017 trespass to the Buffalo County sheriff, and law enforcement had not yet contacted the described vehicle following the January 12 incident. Schleusener noted that the vehicle description and location of the alleged trespasses in Thomas's previous and current reports appeared to match.

Thomas relayed to Schleusener the vehicle's direction of travel as it was exiting his property, stating the vehicle had his property and turned eastbound onto Highway 30. Schleusener, who was east of Kearney at the time of the call, proceeded west upon learning the vehicle's trajectory. Schleusener then encountered a vehicle matching the make, model, color, license plate number, and travel direction reported to him by Thomas.

Schleusener initiated a stop and made contact with Defendant Juan Adolfo Arredondo ("Defendant") and the two other occupants of the vehicle. The vehicle's driver, Craig Bristol, made incriminating statements at the scene, methamphetamine was located on Bristol's person, and drug paraphernalia was found in the vehicle during a later, warrant-based search.

Defendant filed the instant motion to suppress evidence and statements on October 2, 2017. He argues that the stop violated the Fourth Amendment, as there was no reasonable suspicion to stop the vehicle.

ANALYSIS

The "[t]emporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]." United States v. Farnell, 701 F.3d 256, 261 (8th Cir. 2012) (quoting Whren v. United States, 517 U.S. 806, 809-10 (1996)). Thus, an automobile stop, however brief, is subject to "the constitutional imperative that it not be unreasonable under the circumstances." Id.

A vehicle stop does not violate the Fourth Amendment if the officer has a "reasonable suspicion that criminal activity is afoot." Duffie v. City of Lincoln, 834 F.3d 877, 883 (8th Cir. 2016) (quoting United States v. Walker, 555 F.3d 716, 719 (8th Cir. 2009). The detaining officer "must be aware of particularized, objective facts, which, taken together with rational inferences from those facts, reasonably warrant suspicion" of criminal behavior. Walker, 555 F.3d at 719 (quoting United States v. Martin, 706 F.2d 263, 265 (8th Cir.1983)). This requires something more than a mere "hunch." United States v. Coleman, 603 F.3d 496, 499–500 (8th Cir. 2010) (citing United States v. Fuse, 391 F.3d 924, 929 (8th Cir.2004)). The officer need only possess "some, minimal objective justification for an investigatory stop." Id. Moreover, "reasonable suspicion is a less demanding standard than the probable cause required for an arrest, it can arise from information that is less reliable than that required to show probable cause...[.]" United States v. Wheat, 278 F.3d 722, 726 (8th Cir. 2001) (citing Alabama v. White, 496 U.S. 325, 330 (1990)).

Reasonable suspicion of criminal activity may arise from a citizen informant's report of a crime. United States v. Lawhorn, 735 F.3d 817 (8th Cir. 2013). In the instant case, Schleusener initiated the stop based on information provided by Thomas. Schleusener credibly testified that he knew Thomas' identity, was acquainted with him personally, and spoke with him directly. (Filing No. 40 at CM/ECF pp. 6-7). Thomas gave a description of the allegedly trespassing vehicle that included its make, model, color, license plate number and direction of travel following the incident. Thomas also reported to Schleusener that he had not given the vehicle permission to enter an area of his property marked by "No Trespassing" signs and that no other person was authorized to permit access to that area. (Filing No. 40 at CM/ECF p. 23). He informed Schleusener that the same vehicle had trespassed onto his business property a few days earlier, and Schleusener confirmed in police records that the previous trespass was reported. (Filing No. 40 at CM/ECF p. 14).

The Supreme Court has recognized a distinction between known informants and those who remain anonymous. Florida v. J.L., 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). More weight is given to a known informant, whose "reputation can be assessed and who can be held responsible if [his or] her allegations turn out to be fabricated[.]" Id. Here, Thomas identified himself and reported particularized facts regarded an alleged incident of criminal behavior that he observed personally. Schleusener then encountered a vehicle matching every aspect of Thomas' description. See Wheat, 278 F.3d at 726 ("visual corroboration by law enforcement officers of most aspects of the tip... gave the tip sufficient indicia of reliability").

Defendant argues that the preceding facts do not constitute a sufficient basis for reasonable suspicion of criminal activity. (Filing No. 28 at CM/ECF pp.

4

2-3). Defendant maintains that he did not commit the reported criminal trespass, arguing that the informant was either lying or mistaken as to whether the vehicle entered the portion of the business property marked with "No Trespassing" signs. However, reasonable suspicion does not turn on whether the officer knows a crime actually occurred. Rather, the officer must have a sufficient, particularized, and objective basis to <u>investigate</u> whether a crime has been committed. Walker, 555 F.3d at 719.

Based on the totality of the information available and presented to the officer prior to the stop, the court finds Schleusener had an "objective justification" to conduct an investigatory stop, and the vehicle stop did not violate Defendant's Fourth Amendment rights. Coleman, 603 F.3d at 499–500.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by Defendant Arredondo (Filing No. 27) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on December 18, 2017 or as soon thereafter as the case may be called, for a duration of three (3) trial days. Jury selection will be held at the commencement of trial.

Dated this 18th day of November, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge